ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

Attorneys for Plaintiff
CHARI NYCOL SMITH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARI NYCOL SMITH,<br><br>   Plaintiff,<br><br>vs.<br><br>STERLING ASSET RECOVERY, INC., and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No: 2:15-CV-06867<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(3) CONVERSION** |

COMPLAINT

Plaintiff Chari Nycol Smith hereby complains against defendants Sterling Asset Recovery, Inc. ("SAR"), and Does 1-10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff purchased an automobile on credit, which was financed by Credit Acceptance. Credit Acceptance took a security interest in the vehicle, which was collateral for the loan. Credit Acceptance alleged that plaintiff was in default on her agreement, and hired defendant SAR to repossess plaintiff's vehicle.

2. Defendants SAR and the Doe defendants repossessed plaintiff's vehicle. Defendants also seized plaintiff's personal possessions inside the vehicle.

3. Defendants failed to issue and mail to plaintiff a Notice of Seizure, or an Inventory of Personal Property taken from the vehicle, in violation of the Collateral Recovery Act. Bus. & Prof. Code §§ 7507.9 and 7507.10. These notices require a disclosure of any charges for the storage of personal property in the vehicle, and the failure to issue them was a crime. Bus. & Prof. Code § 7502.1(a).

4. Plaintiff contacted SAR and requested her possessions back, which had been in the vehicle. SAR and the Doe defendants refused to return plaintiff's possessions unless she paid outrageous "storage" fees of approximately $1,600. Plaintiff called several times, and each time defendants gave her wildly varying figures for the storage fees, which were made up at the whim of SAR. In the final conversation, SAR demanded approximately $2,000 in storage fees, but stated it would reduce the fees to "only" $750. Plaintiff could not afford $750, and SAR absconded with her property.

5. SAR had no legal right to charge storage fees for plaintiff's personal property, having failed to comply with Bus. & Prof. Code §§ 7507.9 and 7507.10. The amount of storage fees charged by SAR was also unconscionable.

## JURISDICTION AND VENUE

6. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

8. Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

9. Defendant Sterling Asset Recovery, Inc. is a California corporation headquartered in Los Angeles, California.

10. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

11. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

# FIRST CAUSE OF ACTION
**(Against All Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

12. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

13. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors," as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and also regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendants violated 15 U.S.C. § 1692e by making false representations of their services rendered, and the compensation that defendants could lawfully receive, in connection with the repossession.

15. Defendants violated 15 U.S.C. § 1692f by (1) attempting to collect amounts from plaintiff which were neither expressly authorized by any agreement creating the debt, nor permitted by law; and (2) demanding unconscionably high "storage" fees which bore no relation to defendants' actual expenses in storing plaintiff's property.

16. Plaintiff is entitled to any actual damages sustained by her as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

17. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

18. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against all Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

19. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

20. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

21. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

22. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

23. Defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. Defendants violated Bus. & Prof. Code § 7502.1(a) and committed a misdemeanor by violating Bus. & Prof. Code § 7507.9 and 7507.10. As a result, plaintiff lost the value of the possessions in her vehicle.

24. Defendants violated Civil Code § 1788.14(b) by collecting or attempting to collect defendants' fee or charge for services rendered, or other

4

expense incurred by defendants, when the fees and charges were not permitted by law.

26. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was to harass, oppress, or abuse plaintiff in connection with the collection of an alleged debt.

26. Defendants violated Civil Code § 1788.17, by violating 15 U.S.C. § 1692e, as alleged above.

27. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, as alleged above.

28. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

29. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

30. Plaintiff is entitled to recover her attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below

### THIRD CAUSE OF ACTION
**(Against All Defendants For Conversion)**

31. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

32. Plaintiff was entitled to immediate possession of the items in her vehicle when it was repossessed by defendants.

33. Defendants wrongfully deprived plaintiff of possession of the items taken from her vehicle, by demanding illegal and unconscionably high "storage" fees.

34. Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

35. Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling her to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated:  September 3, 2015           Respectfully Submitted,

                                    TRUEBLOOD LAW FIRM


                                    By:  _____/s/_____
                                         Alexander B. Trueblood

                                    Attorneys for Plaintiff
                                    CHARI NYCOL SMITH